IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT
OF TENNESSEE, NASHVILLE DIVISION

| | |
|---|---|
| MAURICE GOODWIN, individually and as surviving spouse of KELLIE DIANE GOODWIN, deceased; IVEY ELIZABETH GOODWIN GILREATH, surviving child of KELLIE DIANE GOODWIN, deceased; JESSE DEAN GOODWIN, surviving child of KELLIE DIANE GOODWIN, deceased; and VANCE CURTIS GOODWIN, surviving child of KELLIE DIANE GOODWIN, deceased,<br><br>Plaintiffs,<br><br>v.<br><br>TENNESSEE BIKE RALLY LLC; LORETTA LYNN ENTERPRISES, INC.; LORETTA LYNN'S RANCH, INC; R&R PROMOTIONS, INC.; CAROLYN REPP; JOSEPH W. SHAW a/k/a UCK SHAW; TONYA TURNER SHAW; OVERWATCH TN SECURITY COMPANY INC., d/b/a CROWE OVERWATCH SECURITY AND d/b/a CROWE OVERWATCH SECURITY AND TRAFFIC CONTROL; DANIEL R. HEMAN; and DANIEL R. HEMAN d/b/a HEMAN FABRICATION CO.,<br><br>Defendants. | Case No. _____<br><br>JURY DEMAND |

## COMPLAINT

## PARTIES

1. **Plaintiff Maurice Goodwin** is the surviving spouse of Kellie Diane Goodwin, deceased, and he is a citizen and resident of the State of South Carolina. Kellie Diane Goodwin's three children are: **Plaintiff Ivey Elizabeth Goodwin Gilreath**, who is a citizen and resident of the State of South Carolina; **Plaintiff Jesse Dean Goodwin**, who is a citizen and resident of

1

the State of South Carolina; and **Plaintiff Vance Curtis Goodwin**, who is a citizen and resident of the State of South Carolina.

2. All four Plaintiffs seek damages for the wrongful death of Kellie Diane Goodwin caused by the wrongful conduct of Defendants. Plaintiff Maurice Goodwin also pursues his own personal claim for negligent infliction of emotional distress to him.

3. **Defendant Tennessee Bike Rally LLC** is a Tennessee limited liability company. The registered agent is Loretta Lynn Enterprises, Inc., STE 225, 1600 Division ST, Nashville, TN 37203-2775. The principal address listed with the Tennessee Secretary of State is also STE 225, 1600 Division Street, Nashville, TN 37203-2775. An additional mailing address listed with the Tennessee Secretary of State is Tonya Shaw, 2148 Tarbolton Circle, Folsom, CA 95630. According to the Tennessee Secretary of State, this limited liability corporation is member managed and there are three members. Upon information and belief, none of the three members of Tennessee Bike Rally LLC are citizens of the State of South Carolina.

4. **Defendant Loretta Lynn Enterprises, Inc.** is a Tennessee corporation whose registered agent is Michael Vaden, STE 225, 1600 Division ST, Nashville, TN 37203-2775. The principal address listed with the Tennessee Secretary of State is 1600 Division ST, STE 225, Nashville, TN 37203-2775.

5. **Defendant Loretta Lynn's Ranch, Inc.** is a Tennessee corporation whose registered agent is Michael Vaden, 1600 Division ST, STE 225, Nashville, TN 37203-2775. The principal address is 44 Hurricane Mills RD, Hurricane Mills, TN 37078-2147. This entity is the owner of the property located at 8000 Highway 13 South, Hurricane Mills, Tennessee and the holder of a license or licenses to serve alcoholic beverages at various locations on the property located at 8000 Highway 13 South, Hurricane Mills, Tennessee.

6. **Defendant R&R Promotions, Inc.** is a Florida corporation with the principal address of 2880 NE 33rd Court, Fort Lauderdale, FL 33306. The registered agent is Heather J. Larsen, 4669 Gulf Blvd #329, St. Pete Beach, FL 33706.

7. **Defendant Carolyn Repp** is a citizen and resident of the State of Florida whose address is 2880 NE 33rd CT, Apt 506, Fort Lauderdale, FL 33306. Carolyn "Carrie" Repp is an officer or director of Defendant R&R Promotions, Inc.

8. **Defendant Joseph W. Shaw a/k/a Buck Shaw** is a citizen and resident of the State of California.

9. **Defendant Tonya Turner Shaw** is a citizen and resident of the State of California.

10. Upon information and belief, Defendants Joseph W. "Buck" Shaw and Tonya Shaw are members of the limited liability company Tennessee Bike Rally LLC.

11. Defendants Tennessee Bike Rally LLC, Loretta Lynn Enterprises, Inc., Loretta Lynn's Ranch, Inc., R&R Promotions, Inc., Carolyn Repp, Joseph W. "Buck" Shaw, and Tonya Shaw **(collectively "Joint Venture Defendants")** are engaged in the joint venture of organizing, advertising, promoting, and operating the annual festival event known as Tennessee Motorcycles and Music Revival (hereinafter referred to as "the Festival" or "TMMR"), and were so engaged at the time of the matters complained of herein. All individuals who were involved in the plan, design, layout, and operation of TMMR were the agents, real or apparent, of the joint venture and were operating within the course and scope of their agency.

12. **Defendant Overwatch TN Security Company Inc., d/b/a Crowe Overwatch Security and d/b/a Crowe Overwatch Security and Traffic Control** (hereinafter "Defendant Overwatch") is a Tennessee corporation whose registered agent is Overwatch TN Security Company Inc., 4165 Little Blue Creek Rd, McEwen, TN 37101. Defendant Overwatch TN

3

Security Company Inc. d/b/a Crowe Overwatch Security and d/b/a Crowe Overwatch Security and Traffic Contral was hired by the Joint Venture Defendants to provide security and traffic control for the Festival.

13. **Defendant Daniel R. Heman** is a citizen and resident of the State of Indiana whose address is 8485 Molly Ct., Fishers, Indiana 46038. He does business as Heman Fabrication Co. in Indianapolis, Indiana. Defendant Heman was a vendor and invited exhibitor/presenter at the Festival.

## JURISDICTION

14. This case arises out of events that occurred on May 17, 2024 in Humphreys County, Tennessee that resulted in the wrongful death of Kellie Diane Goodwin, who was a citizen and resident of the State of South Carolina. The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. Therefore, pursuant to 28 U.S.C. § 1332(a)(1) this Court has subject matter jurisdiction.

## VENUE

15. Pursuant to 28 U.S.C. § 123(b)(1), venue in this Court is proper.

## FACTS

16. Tennessee Motorcycles and Music Revival ("the Festival" or "TMMR") is an event that has been organized and put on every year since 2017 by the Joint Venture Defendants.

17. Defendants Tennessee Bike Rally, LLC; Loretta Lynn Enterprises, Inc.; Loretta Lynn's Ranch, Inc.; R&R Promotions, Inc.; Carolyn Repp; Joseph W. "Buck" Shaw; and Tonya Shaw are joint venturers in the joint venture that is TMMR. They are, and were at all times relevant to this case, engaged by agreement in a common purpose to organize and produce TMMR. They each have the equal right to control the venture as a whole and the details

pertaining to safety and security of invitees who are attendees of the Festival. The joint venture is engaged in for the purposes of profit.

18. The negligence of one member of the joint venture is imputed to all of the other members.

19. TMMR is described and advertised by the Joint Venture Defendants as a "4-day party" and "Tennessee's Ultimate Motorcycle & Music Event." It is an outdoor motorcycle rally and showcase with multiple live music performances that takes place at Loretta Lynn's Ranch in Humphreys County, Tennessee.

20. The Joint Venture Defendants knew that attendees would be drinking alcohol and would be "partying" as advertisements invited them to do. They knew that people would drink to excess and otherwise "party hard." The event schedule for the 2024 TMMR states that "Bars are fully stocked for your pleasure."

21. Thus, it was foreseeable to the Joint Venture Defendants that Festival attendees and vendors could get inebriated and otherwise have altered mental status.

22. All Joint Venture Defendants wanted to, and did, make money from this joint venture.

23. The Joint Venture Defendants invited food trucks and vendors of various goods and services related to motorcycles to participate in the Festival. The area designated for food trucks and other vendors included three bars owned and operated by **Loretta Lynn's Ranch, Inc**. In deliberate indifference to the safety of attendees, the Organizing Defendants allowed bikers to drive in this area on the same pavement where other invitees were walking when the Organizing Defendants knew such motorcycle bikers could be drunk and otherwise not fit to

5

drive a motorcycle amongst pedestrians who were walking on the paved area lined with vendors and food trucks.

24. The Joint Venture Defendants were reckless in creating a situation where motorcycles could be ridden in paved areas lined with vendors and food trucks where pedestrians would also be expected to walk. No traffic controls, security, or separation of pedestrians from motorcycles were created, even though this was in an area where alcohol was being sold, consumed, and consumption encouraged.

25. Kellie Goodwin was married to Maurice Goodwin at the time of her death. They had had a wonderful marriage, having been married on June 30, 1990. They bore three children: Ivey Elizabeth Goodwin Gilreath, Jesse Dean Goodwin, and Vance Curtis Goodwin.

26. Kellie Goodwin was fully employed at the time of her death. She was a beloved nurse at Prisma Health Greenville Memorial Hospital in Greenville, South Carolina. She was an extremely passionate, caring nurse. She was highly respected. And she made many contributions to her community. She was an exceptional wife and mother.

27. Kellie Goodwin and her husband Maurice Goodwin were business invitees to TMMR in May 2024.

28. They signed up and purchased tickets to the Festival.

29. Kellie Goodwin and her husband Maurice Goodwin were at the site of TMMR, Loretta Lynn's Ranch, when the Festival began on May 16, 2024.

30. Upon information and belief, on May 17, 2024, as he was invited to do by the other Defendants, Defendant Heman began drinking alcohol during the day. He became intoxicated, and by 5:00 pm he was severely mentally impaired.

31. On the same day, at approximately 5:42 p.m., Kellie Goodwin and Maurice Goodwin were walking side-by-side on a paved area on the property. This area was lined on each side with vendors. Although the area where Kellie and Maurice Goodwin were walking was intended by the Joint Venture Defendants to attract pedestrian customers, the area was not closed to vehicles like motorcycles. It was foreseeable that injury to a pedestrian could occur.

32. The Joint Venture Defendants and Defendant Overwatch took no steps to keep vehicles separate from the crowds of pedestrians, like Kellie and Maurice Goodwin, that were expected to wonder among the vendor booths and food trucks.

33. The Goodwins were enjoying an afternoon of the festivities. Suddenly from behind them a motorcycle came roaring towards them. The motorcycle struck Kellie Goodwin from the rear, jerked her away from her husband, and caused her to be forcefully dragged and/or thrown to the ground. She was fatally injured.

34. The motorcycle in question was driven by Defendant Heman.

35. Maurice Goodwin ran to his wife. She had suffered a brutal head injury. Some bystanders with medical training immediately tried to render aid. Someone called 911. An ambulance arrived.

36. Kellie Goodwin was rushed by ambulance to TriStar Horizon Medical Center in Dickson, Tennessee. She was then transferred by helicopter to TriStar Skyline Medical Center in Nashville. She was found to have suffered a subarachnoid hemorrhage, cerebral edema, traumatic cardiac arrest, herniation of brain stem, right scapula fracture, open right fibular fracture, sternal fracture, multiple fractures of ribs on the right side, temporal bone fracture, skull base fracture, fracture of clivus of occipital bone, calvarial fracture, subdural hematoma, pneumocephalus, and intraventricular hemorrhage. It was determined that she had no brain

function left because of the horrible injuries she received due to the Defendants' wrongful conduct. Brain death was confirmed on May 18 with a nuclear blood flow study which demonstrated no evidence of blood flow to the brain. Maurice Goodwin had to make the difficult decision to allow hospital personnel to discontinue life support.

37. Kellie Goodwin died on May 18, 2024.

38. Kellie Goodwin was an organ donor.

39. Maurice Goodwin was with his wife when she was struck by the motorcycle. He personally saw her body hit the pavement. He ran to her, trying to save her. He watched desperately as medical personnel tried to save her life. Maurice Goodwin has an independent claim for his own personnel severe mental anguish from witnessing what happened to his wife, watching his wife in the hospital and having to make the decision to allow her to pass away.

## WRONGFUL CONDUCT OF DEFENDANTS

40. The Joint Venture Defendants and Defendant Overwatch owed all Festival attendees a duty of reasonable care to protect attendees from foreseeable risks of harm.

41. The Joint Venture Defendants negligently and recklessly encouraged drinking and "partying" at the Festival.

42. The Joint Venture Defendants negligently and recklessly encouraged attendees to "party hard" and to drink alcohol that the Joint Venture Defendants were selling at multiple locations during the Festival.

43. The Joint Venture Defendants and Defendant Overwatch negligently, with gross negligence and recklessness allowed attendees, and vendors like Defendant Heman, to have, and drive, motorcycles in areas where alcohol was being served and sold.

44. The Joint Venture Defendants and Defendant Overwatch negligently and recklessly had grossly insufficient security in place to deal with or control drivers of motorcycles who foreseeably could get drunk and endanger lives of pedestrians and other attendees.

45. The Joint Venture Defendants and Defendant Overwatch negligently and recklessly allowed motorcycles and/or other motor vehicles to be driven in the area the Joint Venture Defendants had designated for vendors, where pedestrians were expected to walk among the vendor boots, where alcohol was being sold, and while attendees and motorcyclists were under the influence of mind-altering drugs, such as alcohol and other substances.

46. The Joint Venture Defendants and Defendant Overwatch negligently and recklessly failed to establish areas designated, marked, or otherwise identified for "Pedestrians Only" or "Motorcycles and Other Vehicles Only."

47. The Joint Venture Defendants and Defendant Overwatch negligently and recklessly had no safety cones, barrels, flagging, ropes or other traffic control devices in place to separate vehicles from pedestrians.

48. Defendant Heman, who was a vendor and invited exhibitor/participant, was observed before May 17, 2024, to be exhibiting unusual behavior and acting as if he was under the influence of alcohol and/or other mind-altering substances and yet he was negligently and recklessly permitted by the other Defendants to have and drive a motorcycle in the vendor area.

49. Defendant Heman had a duty to use due care in the operation of his motorcycle on May 17, 2024.

50. On May 17, 2024, Defendant Heman drove his motorcycle recklessly and while under the influence of alcohol and in doing so hit and fatally injured Kellie Goodwin.

9

51. As a result of the relationships between all Defendants, each Defendant is jointly and severally liable for the wrongful conduct of each Defendant.

## DAMAGES

52. As a direct, proximate, and legal result of the negligence and gross negligence of the Defendants, Kellie Diane Goodwin suffered enormous pain and mental anguish and she died a wrongful death.

53. As a direct and proximate result of the negligence and recklessness of the Defendants, Plaintiffs have suffered the loss of the companionship, guidance, cooperation, love, affection, consortium, and services of Kellie Diane Goodwin.

54. As a direct, proximate, and legal result of the negligence of the Defendants, Maurice Goodwin has needlessly suffered severe emotional injuries and mental distress. He has suffered and will continue to suffer emotionally. His life has been adversely and permanently altered.

## PRAYER FOR RELIEF

55. The Plaintiffs respectfully demand of the Defendants FIFTY MILLION AND NO/DOLLARS ($50,000,000.00) as compensatory damages for the wrongful death of Kellie Diane Goodwin.

56. Plaintiff Maurice Goodwin respectfully demands of the Defendants TEN MILLION AND NO/DOLLARS ($10,000,000.00) as compensatory damages for the negligent infliction of emotional distress.

57. The Plaintiffs demand ONE HUNDRED MILLION AND NO/DOLLARS ($100,000,000.00) as punitive damages.

58. The Plaintiffs respectfully demand a jury and reserve the right to amend the Complaint to conform to the evidence as it develops.

Respectfully submitted,

KINNARD LAW

By: /s Randall L. Kinnard
Randall L. Kinnard #4714
rkinnard@kinnardlaw.com
Mary Ellen Morris #013356
mmorris@kinnardlaw.com
The Woodlawn
127 Woodmont Boulevard
Nashville, Tennessee 37205
(615) 297-1007
(615) 297-1505 - FAX

*Attorneys for the Plaintiffs*