IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| MAURICE GOODWIN, ET AL., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | NO. 3:24-cv-01382 |
| v. | ) | |
| | ) | JUDGE CAMPBELL |
| CAROLYN REPP, ET AL., | ) | MAGISTRATE JUDGE NEWBERN |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

Pending before the Court is Defendants Daniel R. Heman and Daniel R. Heman d/b/a Heman Fabrication's ("Heman Defendants") Motion to Stay Litigation Pending Disposition of Related Proceedings. (Doc. No. 49). Plaintiffs filed a response in opposition (Doc. No. 65), and the Heman Defendants filed a reply (Doc. No. 66). Defendants Tennessee Bike Rally LLC, Loretta Lynn Enterprises, Inc., Loretta Lynn Ranch, Inc., Overwatch TN Security Company, Inc., Joseph W. Shaw a/k/a Buck Shaw, Tonya Turner Shaw, Carolyn Repp, and R&R Promotions, Inc. subsequently filed a Joint Motion to Dismiss Plaintiffs Ivey Gilreath, Jesse Goodwin, and Vance Goodwin (Doc. No. 67), which is fully briefed (Doc. Nos. 70, 71).

### I. FACTUAL BACKGROUND

This is a wrongful death action involving the death of Kellie Goodwin, who was fatally injured on May 17, 2024, while attending the Tennessee Motorcycles and Music Revival. (Doc. No. 1 ¶¶ 30, 31, 33). Goodwin was walking in an area designated for food trucks and other vendors when she was struck from behind by a motorcycle driven by Defendant Daniel Heman. (*Id.* ¶¶ 33, 34).

In the motion to stay, the Heman Defendants state that Daniel Heman has been charged in Humphreys County Criminal Court with Vehicular Homicide – Driver Intoxication, DUI First

Offense Per Se, and DUI First Offense, Case No. 43CC1-2024-CR-14997. The Heman Defendants contend that a stay of this case is appropriate because Heman's criminal charges stem from the same incident that forms the basis of this action. The Heman Defendants state that because of the substantial factual overlap between the two cases, Heman must choose between defending himself in this action and asserting his Fifth Amendment right against self-incrimination. The Heman Defendants also contend that Plaintiffs will not be prejudiced from a temporary stay because evidence and witness testimony will be available after the conclusion of the criminal proceedings.

## II. STANDARD OF REVIEW

"A district court 'has broad discretion to stay proceedings as an incident to its power to control its own docket.'" *Doe v. Matthew 25, Inc.*, 322 F. Supp. 3d 843, 849 (M.D. Tenn. 2018) (internal citations omitted). "A district court considering whether to stay a civil case in light of an overlapping criminal case usually considers the following factors: 1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest." *Id.* (internal citations omitted).

Moreover, "simultaneous litigation of criminal charges and civil causes of action against the same person, for the same conduct, 'may give rise to Fifth Amendment concerns sufficient to warrant a stay of the civil proceedings'" and "[t]hose Fifth Amendment concerns… are not merely an issue for the defendant; the defendant's assertion of his Fifth Amendment rights may create complications and difficulties for the plaintiff and the court as well during the discovery process." *Id.* (internal citations omitted). "Accordingly, where appropriate, courts stay civil proceedings, or

aspects thereof, in light of ongoing criminal prosecutions or investigations." *Id.* (internal citation omitted).

### III. ANALYSIS

Here, the Heman Defendants contend that the civil and criminal proceedings arise from the same incident such that if this action proceeds while the criminal case is unresolved, Heman will face a risk of self-incrimination and will "have to choose between potentially incriminating himself during discovery and trial or invoking his right against self-incrimination under the Fifth Amendment." (Doc. No. 49-1 at 5). The Heman Defendants also contend that staying this action promotes judicial efficiency and prevents inconsistent rulings. The Heman Defendants argue that Plaintiffs will not be prejudiced by a temporary stay of this action, as Heman's preliminary hearing in his criminal case is set to occur on June 17, 2025, and his criminal trial is set for October 8, 2025. The Heman Defendants also contend that the public has an interest in ensuring that criminal proceedings are conducted fairly without undue interference and that allowing this case to proceed simultaneously with Heman's criminal case may "hinder law enforcement efforts, compromise constitutional protections, and lead to conflicting outcomes." (Doc. No. 49-1 at 8) (internal citation omitted).

In response, Plaintiffs argue that the overlap between this action and Heman's criminal case is not significant because "[t]he criminal case only involves the actions of one defendant -- Daniel Heman" while the civil case "concerns the conduct of others which the Plaintiffs' allege contributed to Heman's conduct." (Doc. No. 65 at 3). Plaintiffs also state that Heman's criminal trial is not set to begin for more than 6 months and there may be post-trial motions or an appeal and that the passage of time could affect the memories and availability of witnesses in this case. Plaintiffs allege that permitting a significant passage of time without engaging in any discovery in

this case will be prejudicial, particularly as witnesses are from various states. Plaintiffs also state that they "can agree to boundaries on discovery from Defendant Heman that would not require him to invoke his Fifth Amendment privilege." (Doc. No. 65 at 4).

Here, both Heman's criminal and civil cases arise from the same incident. Accordingly, it appears there is substantial overlap between the factual issues in this action and Heman's criminal case. Moreover, it appears that Heman's criminal case is advancing imminently, as his preliminary hearing is set for June 17, 2025, and his criminal trial is set for October 8, 2025. While the Court acknowledges Plaintiffs' interests in expeditiously pursuing their claims in this case, the Court finds that a temporary stay is unlikely to substantially prejudice Plaintiffs. Plaintiffs request that any stay be narrowly tailored to protect Defendant Heman's privilege against self-incrimination. However, the Court finds that permitting this action to proceed with respect to the other Defendants could result in complications for all parties, including the potential for duplicative discovery, requiring Defendants to litigate this case in a piecemeal fashion, and unnecessarily expending judicial resources.

Accordingly, in light of Defendant Heman's pending criminal case, the Court finds that it is appropriate to stay this action. The parties shall file a status report on or before August 7, 2025, regarding the status of Heman's criminal proceedings. Moreover, the parties shall promptly notify the Court upon the resolution of the criminal proceedings. The Court will reserve ruling on Defendants' joint motion to dismiss (Doc. No. 67).

Accordingly, this case is stayed, and the Clerk is directed to administratively close the file.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE